# Exhibit "A"

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TIMMY McDONALD,

    Plaintiff,

vs.                                    Case No.     NO
                                      Hon.

WALMART, INC., a Foreign Profit Corporation

WALMART STORES EAST, LP, a Foreign Limited Partnership

    Defendants.

_____/

LAW OFFICE OF KELMAN & FANTICH
BRIAN L. FANTICH P60935
CARRA J. STOLLER P64540
ADAM J. GANTZ P58558
Attorney for Plaintiff
30903 Northwestern #270
Farmington Hills, MI 48334
(248) 855-0100
FAX (248) 855-3557

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## **COMPLAINT**

NOW COMES the above-named Plaintiff, by and through her attorneys, THE LAW OFFICE KELMAN & FANTICH, and files this Complaint against the Defendant and states as follows:

1. That Plaintiff is a resident of the City of Redford, County of Wayne, State of

Michigan.

2. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, WALMART, INC., a Foreign Profit Corporation doing business at 5851 Mercury Drive, in the City of Dearborn, County of Wayne, State of Michigan with its resident agent, The Corporation Company 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

3. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, WALMART STORES EAST, LP, a Foreign Limited Partnership doing business at 5851 Mercury Drive, in the City of Dearborn, County of Wayne, State of Michigan with its resident agent, The Corporation Company 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

4. That the amount in controversy herein exceeds the sum of Twenty Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

5. That on or about May 11, 2020, the Defendants, did business and was the owners and/or maintainers of real property located at 5851 Mercury Drive, in the City of Dearborn, County of Wayne, State of Michigan.

6. That on or about May 11, 2020, Defendants had exclusive possession and control over the area where the incident occurred.

7. That on or about May 11, 2020, Plaintiff was a business invitee at Defendant's establishment located at 5851 Mercury Drive, in the City of Dearborn, County of Wayne, State of Michigan; that on that date, Plaintiff was walking on Defendants' premises when, suddenly and without warning, he slipped and fell on a slippery, transparent liquid substance that had been allowed to accumulate on the floor for an unreasonable length of time, which blended with the color and contour of the floor and which caused Plaintiff to sustain serious and disabling injuries, as more fully hereinafter set forth.

8. That at all times relevant to the within, the Defendants owed a duty to the Plaintiff to properly maintain the premises and were in a position to best control and prevent the condition exposing the Plaintiff to the unreasonable risk of harm, and knew of the defective and unsafe condition on the floor.

9. That the Defendant owed a duty to the Plaintiff to inspect the area to ensure that the premises would pose no risk of unreasonable harm to those lawfully on the premises.

10. That notwithstanding said knowledge and in total disregard of said duties, the Defendants breached the same by the following omissions, including but not limited to:

   a. Allowing the transparent, wet, slippery condition to remain on the floor for an unreasonable period of time;

   b. Failing to mop, clean and/or inspect the area, thereby negligently and carelessly increasing said hazardous condition;

   c. Negligently and carelessly failing to keep the area in a condition fit for its intended and foreseeable use and allowing said camouflaged hazard to remain in the area where customers were known to traverse;

   d. Failing to warn business invitees and others of the dangerous and hazardous condition on their premises.

11. That Defendants are liable for the negligent actions/inactions of its employees, representatives pursuant to the *doctrine of respondeat superior.*

12. That Defendant's under a separate and distinct duty owed to Plaintiff, are responsible for the active negligence of its employees and are liable to Plaintiff for the injuries sustained to her.

13. That Defendants under a separate and distinct duty owed to Plaintiffs Defendants negligently performed their respective obligations-duties to the detriment of Plaintiff under the contract causing severe and disabling injuries giving rise to tort liability.

14. That Defendants under a separate and distinct duty owed to Plaintiff Defendants through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

15. That as a direct and proximate result of the negligence and carelessness of Defendants, and all of them, the Plaintiff sustained damages including, but not necessarily limited to:

   a. Severe injuries to both knees requiring surgery; altered gait, permanent limp, inability to ambulate, permanent scarring; diminished extension, flexion, and range of motion; injuries to his head, neck, back, and spine; nerve damage; severe injuries to his upper and lower extremities; decrease in gross and fine motor skills; severe shock, as well as physical pain and suffering;

   b. The requirement of intense therapy for injuries which are permanent in nature;

   c. Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

   d. Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

   e. Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

   f. Severe, frequent and persistent pain which is of a continuing and permanent nature.

16. That Defendants enjoyed joint possession and control over the are/premises where Plaintiff was injured.

17. That Defendants under a separate and distinct duty owed to Plaintiff Defendant's negligently directed/escorted Plaintiff to a defective area on the premises causing Plaintiff to sustain serious and disabling injuries.

18. That Defendants under a separate and distinct duty failed to direct/escort Plaintiff to a safe hazard free area, thereby causing Plaintiff to sustain serious and disabling injuries.

19. The Defendants through a separate and distinct theory of liability are liable to Plaintiff under the doctrine of res ipsa loquitur which the defendants breached violated.

20. That in the event that Plaintiff was suffering from any other medical and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff prays for Judgment against the Defendant in whatever amount above Twenty Five Thousand Dollars ($25,000.00) that Plaintiff may be found to be entitled plus costs, interest and attorney fees so wrongfully sustained.

LAW OFFICE OF KELMAN & FANTICH

Dated: September 29, 2022

By: _____
BRIAN L. FANTICH P-60935
Attorney for Plaintiff
30903 Northwestern Hwy., Ste. 270
Farmington Hills, MI 48334
(248) 855-0100